IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHER DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 10-CR-0197-001-CVE |
| | ) | |
| ANTONIO MOLINA-CHAVEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant to dismiss order on supervised release (Dkt. # 13).

On June 10, 2009, defendant pled guilty to an information in Case No. 09-CR-01574-001BB, District of New Mexico, charging reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a)(1) and (2), and § 1326(b)(1). On September 3, 2009, defendant was sentenced to an eight-month custody term with a recommendation that Immigration and Customs Enforcement begin removal proceedings during the service of sentence. The Court also imposed a two-year term of supervised release, that included a special condition that defendant must not reenter the United States without legal authorization. On November 20, 2009, defendant was removed from the United States to Mexico after serving the custody portion of his sentence.

On or about October 29, 2010, defendant reentered the United States. On December 16, 2010, jurisdiction over the term of supervised release in New Mexico Case No. 09-CR-01574 BB was transferred to the Northern District of Oklahoma pursuant to 18 U.S.C. § 3605, and assigned Case No. 10-CR-0197-001-CVE. On February 28, 2011, an order on supervised release was filed alleging that defendant violated conditions of supervised release by illegally reentering the United

States, and being intoxicated in public (Dkt. # 3).

Defendant moves to dismiss the order on supervised release, alleging that the conditions of supervised release set out in the New Mexico judgment and commitment order are ambiguous, lack clarity, and are difficult to understand for a person untrained in the law and who cannot read English. Specifically, defendant argues that the conditions of supervised release that recommend his removal and forbid his reentry into this country conflict with conditions ordering him to report to the probation office and not leave the judicial district in which he resides. Based on a conflicting order, defendant contends that the order on supervised release should be dismissed, citing the rule of lenity.

Defendant is or should be well versed in this nation's immigration laws, having been convicted of illegal entry and subsequently deported five times between 1999 and 2009. He now claims that he reentered once again because he was confused by conditions of supervised release instructing him to report to a probation officer and not leave a judicial district without permission. Yet, defendant never followed through with his stated reason for his reentry into the United States. He never reported to a probation officer and did not remain in the judicial district of entry, having traveled through several judicial districts without permission on his way to northern Oklahoma. Defendant's motion is without merit. Defendant urges this Court to weigh his argument in a light most favorable to him; however, the rule of lenity is not applicable to a violation of the terms of supervised release. See United States v. Metzener, 584 F.3d 928, 934-35 (10th Cir. 2009) (holding that the rule of lenity is a principal of statutory construction, and thus did not apply to a term of supervised release imposed by court order).

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss order on supervised

release (Dkt. #13) is **denied.**

**DATED** this 10th day of March, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT